**Dennis Mark LA CROSSE,
Petitioner–Appellant,**

v.

**Peggy KERNAN, Warden; Attorney
General of the State of California,
Respondents–Appellees.**

No. 97–55085.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 1, 1999[1]

Submission Vacated Sept. 30, 1999

Resubmitted March 13, 2000

Filed April 24, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Dennis Mark La Crosse, Vacaville, California, pro se, for the petitioner-appellant.

Chung L. Mar, Deputy Attorney General, Los Angeles, California, for the respondents-appellees.

Before: O'SCANNLAIN, FERNANDEZ and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Dennis Mark La Crosse appeals the district court's dismissal of his petition for a writ of habeas corpus, claiming that the California Supreme Court's denial of his claim in 1996 did not act as a bar to federal habeas review. We have jurisdiction pur-

suant to 28 U.S.C. § 2253 and reverse and remand.[2]

## I.

On April 21, 1983, Dennis Mark La Crosse was convicted of one count of first-degree murder by a jury in Los Angeles County Superior Court. La Crosse was subsequently sentenced to state prison for a term of twenty-six years to life. On May 31, 1984, the California Court of Appeal affirmed the judgment of conviction.

On April 12, 1996, La Crosse filed a petition for writ of habeas corpus in the California Supreme Court, contending that his right to be present during all critical stages of his trial was violated when testimony was read back to the jury outside of his presence. This issue had not been raised on his direct appeal in 1984. The California Supreme Court's order rejecting his 1996 petition stated, in its entirety: "Petition for writ of habeas corpus DENIED on the merits and for lack of diligence."

La Crosse filed a timely petition for writ of habeas corpus in the United States District Court, Central District of California, raising the same claim he had alleged in his state habeas petition. The district court denied the petition with prejudice, finding that federal review was barred pursuant to an independent and adequate state procedural rule.

## II.

■ The district court's dismissal of the petition for writ of habeas corpus on the ground of state procedural default presents issues of law reviewed *de novo*. *See Fields v. Calderon*, 125 F.3d 757, 759–60 (9th Cir.1997).

## III.

### A. *Procedural Default*

■ In a federal habeas action brought by a state prisoner, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). We must decide whether the California Supreme Court's decision denying La Crosse's petition rested on an "independent and adequate state ground" that could bar federal review. *Id.*

■ For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law. *Michigan v. Long*, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Harris v. Reed*, 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park v. California*, 202 F.3d 1146, 1152 (9th Cir.2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)). To be "adequate," the state procedural rule must be "strictly or regularly followed" and "consistently applied." *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir.1996). "[U]nless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court." *Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir.1994).

■ The California Supreme Court has, over the years, developed two procedural rules that it applies to post-appeal habeas corpus petitions-the bar of untimeliness, *see Ex parte Swain*, 34 Cal.2d 300, 209 P.2d 793, 795 (1949), and the *Dixon*

---

**2.** Respondents' motion to certify this case to the California Supreme Court is denied.

default rule, *see Ex parte Dixon*, 41 Cal.2d 756, 759–61, 264 P.2d 513, 515 (1953).[3] The "untimeliness bar" requires that prisoners who do not file their habeas corpus petitions within a specified time frame[4] establish "either (i) absence of substantial delay; (ii) good cause for the delay; or (iii) that his claims fall within an exception to the bar of untimeliness." *In re Robbins*, 18 Cal.4th 770, 783–85, 77 Cal.Rptr.2d 153, 959 P.2d 311, 320 (1998) (quotations and citations omitted). The *Dixon* rule bars California state courts from granting habeas relief to a prisoner who failed to pursue the claims raised in his habeas petition on direct appeal from his conviction, unless his claims fall within an exception to the rule. *See Dixon*, 41 Cal.2d at 759–61, 264 P.2d at 515.

We have previously held that, at least prior to 1993, neither California's *Dixon* rule nor its untimeliness rule was an adequate and independent state law ground that could bar federal review. *See Fields*, 125 F.3d at 765; *Morales*, 85 F.3d at 1393. However, in 1993, the California Supreme Court sought to clarify the exceptions to both the *Dixon* rule and the bar of untimeliness. *See In re Harris*, 5 Cal.4th 813, 824–28, 21 Cal.Rptr.2d 373, 855 P.2d 391, 395–98 (1993); *In re Clark*, 5 Cal.4th 750, 762–68, 21 Cal.Rptr.2d 509, 855 P.2d 729, 737–40 (1993). In *Park*, we held that *Dixon*'s "fundamental·constitutional error" exception, as defined in *Harris*, involved the application of federal law and therefore

a California court's 1996 denial pursuant to *Dixon* of a habeas petition alleging constitutional error could not bar federal habeas review. *See Park*, 202 F.3d at 1152. We are now presented with the issue of whether the 1996 application of California's untimeliness bar to a habeas petition alleging constitutional error can bar federal habeas corpus review.

## B. *The Untimeliness Bar*

▆▆▆ Although the California Supreme Court's denial cited only "lack of diligence" for denying La Crosse's petition, we believe the district court was correct in concluding that the California Supreme Court was applying the untimeliness bar because La Crosse delayed for nearly twelve years between his direct appeal and his state petition for habeas corpus.[5] In *Robbins*, the California Supreme Court stated: "[W]hen in our orders we impose the bar of untimeliness, this signifies that we ... have determined that the petitioner has failed to establish the absence of substantial delay or good cause for delay, and that none of the four exceptions set out in *Clark* apply." *Robbins*, 18 Cal.4th at 814 n. 34, 77 Cal.Rptr.2d 153, 959 P.2d at 340 n. 34 (citations omitted). The four exceptions in *Clark* are:

(1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have

---

3. California also has a third bar to habeas corpus claims, known as the *Waltreus* rule, which provides that "in the absence of strong justification, any issue that was actually raised and rejected on appeal cannot be renewed in a petition for a writ of habeas corpus." *In re Harris*, 5 Cal.4th 813, 829, 21 Cal.Rptr.2d 373, 855 P.2d 391, 398 (1993). Invocation of the *Waltreus* rule by a state court, however, does not bar federal review. *See Calderon v. United States Dist. Court*, 96 F.3d 1126, 1131 (9th Cir.1996) (noting Supreme Court, in *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), held that denial of a habeas petition pursuant to the *Waltreus* rule was neither a ruling on the merits nor a procedural default).

4. California courts currently presume that a habeas corpus petition is timely if it is filed "within 90 days after the final due date for the filing of appellant's reply brief on the direct appeal." *In re Robbins*, 18 Cal.4th 770, 784, 77 Cal.Rptr.2d 153, 959 P.2d 311, 320 (1998).

5. If, however, the California Supreme Court actually relied on the *Dixon* rule to deny La Crosse's petition because La Crosse did not raise the same issues in his direct appeal, then the denial was not an adequate and independent state ground that could bar federal review. *See Park*, 202 F.3d at 1153.

convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the error or omission no reasonable judge or jury would have imposed a sentence of death; or (4) that the petitioner was convicted or sentenced under an invalid statute.

*Clark*, 5 Cal.4th at 759, 21 Cal.Rptr.2d 509, 855 P.2d at 734. In denying La Crosse's petition, the California Supreme Court thus determined that his allegation of constitutional error did not meet the criteria for the error of constitutional magnitude exception listed in *Clark*. The question that arises, then, is whether the California Supreme Court solely relied on state constitutional law in making this determination. If it did not, then the California Supreme Court's denial of La Crosse's petition on procedural grounds cannot bar federal review.

We first look to the text of the California Supreme Court's opinion in *Clark*. In fashioning the four exceptions to the untimeliness bar, the California Supreme Court surveyed the various approaches of state and federal courts in considering successive or delayed habeas petitions. *See Clark*, 5 Cal.4th at 787–95, 21 Cal.Rptr.2d 509, 855 P.2d at 754–59. It adopted the federal approach of considering the merits of untimely or successive petitions where error of a constitutional magnitude led to a fundamental miscarriage of justice. *See id.* at 794–97, 855 P.2d at 759–60. In doing so, the California Supreme Court did not limit its adoption of the federal approach to allow consideration of only state constitutional law. The court also expressly relied on federal constitutional law in concluding that claims of constitutional error, such as ineffective assistance of coun-

sel, required a showing of fundamental unfairness. *See id.* at 765–68, 855 P.2d at 739–40 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Therefore, from *Clark* we can conclude that California courts did consider federal constitutional law in considering whether to apply the constitutional error exception to the bar of untimeliness.

Since the denial of La Crosse's habeas petition, however, the California Supreme Court has explicitly addressed the issue of whether it considers state and federal constitutional law or solely state constitutional law in determining whether to apply the error of constitutional magnitude exception to untimely or successive petitions. *See In re Robbins*, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998). There, the California Supreme Court stated:

> Although the exception is phrased in terms of error of constitutional magnitude—which obviously may include federal constitutional claims—in applying this exception and finding it inapplicable we shall, *in this case and in the future,* adopt the following approach as our standard practice: We need not and will not decide whether the alleged error actually constitutes a federal constitutional violation.

*Id.* at 810–12, 959 P.2d at 338–39 (emphasis added). We have held that this language is clearly prospective, and this new approach would not have applied to the denial of La Crosse's petition.[6] *See Park*, 202 F.3d at 1153. We have noted that this language indicates an acknowledgment by the California Supreme Court that, prior to 1998, it did make an antecedent ruling on federal law before finding the constitutional error exception to be inapplicable. *See id.*

Finally, one additional source for guidance is the California Supreme Court's

---

**6.** Because the issue is not before us, we do not consider and we do not decide whether, since the decision in *Robbins,* California state court denials of habeas corpus petitions on the basis of untimeliness are adequate and independent to bar federal review.

approach to its denials pursuant to *Dixon*, 41 Cal.2d at 759–61, 264 P.2d at 515. Where a petitioner fails to pursue a claim on direct appeal and subsequently raises the claim in a state habeas petition, a California court will apply the *Dixon* default rule unless the court finds one of four exceptions apply, including "fundamental constitutional error." *See Harris*, 21 Cal. Rptr.2d 373, 855 P.2d at 398–407. We have noted that this exception to the *Dixon* rule is analogous to the constitutional error exception to the *Clark* procedural bar. *See Park*, 202 F.3d at 1152 n. 3.

In *Park*, we held that, in cases before *Robbins* was decided in August 1998 and where the habeas petition alleged fundamental constitutional error, the California Supreme Court necessarily made an antecedent ruling on federal law before applying the procedural bar of *Dixon*. *Id.* at 1153. Therefore, we held that the California state court's denial of Park's petition on the basis of procedural default could not bar federal review. *Id.*

Our analysis leads us to conclude that, as of April 1996, the California Supreme Court had not "ma[de] clear that it [was] resting its decision denying relief on an independent and adequate state ground." *Siripongs*, 35 F.3d at 1317. Therefore, we must "presume[ ] that the state denial was based at least in part upon federal grounds." *Id.* Since the California Supreme Court's 1996 denial of La Crosse's habeas petition was not based upon an independent and adequate state law ground, it cannot act as a bar to federal review. *See Coleman*, 501 U.S. at 729, 111 S.Ct. 2546.

## C. *Readback of Testimony*

■■■■ The standard for determining whether habeas relief should be granted in a 28 U.S.C. § 2254 petition is whether the alleged errors " 'had substantial and injurious effect or influence in determining the

jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Trial errors that do not meet this test are deemed harmless. *Eslaminia v. White*, 136 F.3d 1234, 1237 (9th Cir.1998); *Rice v. Wood*, 77 F.3d 1138, 1144 (9th Cir.1996) (en banc).

■■■■ A criminal defendant has a constitutional right to be present during the readback of testimony to a jury. *Hegler v. Borg*, 50 F.3d 1472, 1476–77 (9th Cir.1995). The defendant must personally waive his right to be present at the readback. *See United States v. Kupau*, 781 F.2d 740, 743 (9th Cir.1986). A defendant may obtain federal habeas relief for a violation of this right, however, "[o]nly if the record demonstrates the jury's decision was substantially influenced by the trial error or there is grave doubt about whether [the] error affected a jury in this way." *Hegler*, 50 F.3d at 1478 (internal quotations omitted).

■■■■ In several analogous cases, this court has determined that an evidentiary hearing is required. *See Turner v. Marshall*, 63 F.3d 807, 816 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir.1999); *Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir. 1972); *cf. Lee v. Marshall*, 42 F.3d 1296, 1298, 1299 (9th Cir.1994). As in *Turner*, the record in the present case "provides no indication of any attempts to dispel possible prejudice, or of any analysis into the circumstances surrounding the readback." *Turner*, 63 F.3d at 815. Therefore, it is necessary to remand to the district court for an evidentiary hearing to determine whether the readback outside the presence of La Crosse and his counsel had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623, 113 S.Ct. 1710.[7]

7. In its motion to dismiss before the district court, the state also argued that dismissal was warranted under Rule 9(a) of the Rules Governing 2254 Cases in the U.S. District Courts due to La Crosse's twelve-year delay in bringing his habeas petition. To obtain a Rule 9(a)

## CONCLUSION

The district court's order dismissing La Crosse's petition for habeas corpus is REVERSED and we REMAND to the district court for further proceedings not inconsistent with this opinion.

dismissal, the Government bears the initial burden of showing prejudice from petitioner's delay. *See Harris v. Pulley,* 885 F.2d 1354, 1366 (9th Cir.1988). Because the district court did not reach the Rule 9(a) issue and the State did not address the merits of this issue on appeal, this court expresses no opinion on this potential ground for dismissal, nor do we foreclose the district court from ruling on this issue upon remand.