**Tony Eugene SAFFOLD, Petitioner–Appellant,**

v.

**Anthony NEWLAND, Respondent–Appellee.**

**No. 99–15541.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2000

Filed July 17, 2000

Amended May 23, 2001

Mary Katherine McComb, Davis, California, for the petitioner-appellant.

Stan Cross, Deputy Attorney General, Sacramento, California, for the respondent-appellee.

**1264**

Before: B. FLETCHER, CANBY, and O'SCANNLAIN, Circuit Judges.

Opinion by Judge CANBY; Dissent by Judge O'SCANNLAIN.

## ORDER

The majority opinion of this court and Judge O'Scannlain's dissent therefrom, filed on July 17, 2000, slip op. at 8271 [224 F.3d at 1087], reported at 224 F.3d 1087, are hereby amended as follows:

Majority opinion: Insert new footnote 6, to be indicated at the end of the first sentence of the last paragraph on slip op. at 8278 [224 F.3d at 1090] (ending " 'Petition for writ of habeas corpus is DENIED on the merits and for lack of diligence.' "). The new footnote shall state:

> The dissent quotes selectively from these words, *infra.* The fact remains, however, that the California Supreme Court denied Saffold's petition both *"on the merits* and for lack of diligence."

Majority opinion: Insert new footnote 8, to be indicated at the end of the first sentence of the first full paragraph on slip op. at 8280 [224 F.3d at 1090] (ending ". . . June 17, 1997"). The new footnote shall state:

> The dissenting opinion, in its footnote 1, refers to the rule adopted in *Bennett v. Artuz,* 199 F.3d 116 (2d Cir.1999), *aff'd,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), that "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Id.* at 120. We have no quarrel with this formulation, but disagree with the dissent that review was "unavailable" to Saffold at the time he filed his original habeas petition in the California Supreme Court. The California Supreme Court,

in denying that petition, ruled on its merits. In light of that fact, it is impossible for us to conclude that review was "unavailable" in that court. Moreover, the alternative ruling denying the petition for lack of diligence was " 'a condition for obtaining relief,' " necessarily ruled upon by the court, not a " 'condition to filing.' " *Dictado v. Ducharme,* 244 F.3d 724, 727 (9th Cir.2001) (quoting *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 365, 148 L.Ed.2d 213 (2000)). Such procedural bars to the obtaining of relief do not prevent a petition from being "properly filed," *see id.,* and review from therefore being "available" even if unsuccessful.

The remaining footnotes in the majority opinion shall be renumbered accordingly.

Dissenting opinion: The dissenting opinion is amended by deleting the previous dissenting opinion and substituting in full the attached amended dissenting opinion.

With these amendments, Judges B. Fletcher and Canby have voted to deny the petition for panel rehearing, and have recommended denial of en banc rehearing. Judge O'Scannlain has voted to grant panel rehearing and en banc rehearing.

The petition for rehearing en banc and the above amendments have been circulated to the full court. An active judge requested a vote on the petition for rehearing en banc. A vote was taken and the petition failed to receive the affirmative vote of a majority of the active judges of the court. The petition for panel rehearing and for en banc rehearing is DENIED.

## OPINION

CANBY, Circuit Judge:

Tony Eugene Saffold is a state prisoner appealing the district court's dismissal of his federal petition for habeas corpus. The district court concluded that Saffold

had failed to satisfy the one-year statute of limitations for a state prisoner filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). Whether or not Saffold's petition is barred by the statute of limitations turns in part on a calculation of the period during which the federal statute was tolled while Saffold's petitions for state habeas relief were "pending" in the California courts. *See* 28 U.S.C. § 2244(d)(2). After the district court issued its order, we decided in another case how the tolling period for exhaustion of state remedies is to be determined. *See Nino v. Galaza,* 183 F.3d 1003 (9th Cir. 1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). We now apply *Nino* and conclude that the district court erred by failing to toll the federal statute of limitations for the entire period during which Saffold pursued state habeas relief.

We also conclude that the "mailbox" rule for pro se prisoners applies to Saffold's petitions to the California court and the federal court for purposes of calculating tolling time under AEDPA. Whether and when Saffold delivered his petitions to prison authorities is unresolved. We therefore reverse the judgment of the district court and remand for further proceedings.

## THE STATUTE OF LIMITATIONS

In 1990, Saffold was found guilty in California state court of murder, assault with a firearm, and two counts of robbery. He appealed, and his conviction became final on direct review on April 20, 1992.

Effective April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"). AEDPA imposed, for the first time, a one-year statute of limitations for state prisoners filing federal petitions for habeas corpus. For prisoners like Saffold, whose convictions had become final before passage of AEDPA, the one-year limitations period began running on AEDPA's effective date, April 24, 1996, and expired on April 23, 1997, unless it was tolled. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).[1]

AEDPA's tolling provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Saffold contends that he got in under the wire by filing his state habeas application in the Superior Court of San Joaquin County by delivering the petition to prison authorities on April 17, 1997–just six days before the AEDPA one-year limitation would have expired. The district court accepted that contention for purposes of decision and, in order to review the district court's ruling, we accept it as well.

 The issue for our decision is how much of the time after April 17, 1997, was tolled for purposes of AEDPA.[2] We conclude that Saffold had a state collateral proceeding "pending" within the meaning of AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), during the entire period from the time he filed his state petition in the

---

1. We concluded that AEDPA's statute of limitations could not commence running before the effective date of AEDPA, lest prisoners find themselves to be already barred by a limitation on the date it was enacted. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1286–87 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530 (9th Cir.1998) (en banc), *cert. denied,* 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999).

2. We review de novo the district court's dismissal of Saffold's petition on the ground that he has failed to satisfy the statute of limitations. *Miles,* 187 F.3d at 1105.

trial court until the California Supreme Court denied his habeas petition.

The Superior Court denied Saffold's state habeas petition on June 9, 1997. Five days thereafter, on June 14, 1997, Saffold delivered to prison authorities his habeas petition to the California Court of Appeal. The Court of Appeal denied that petition on June 26, 1997. Saffold then waited four and one-half months before filing an original habeas petition in the California Supreme Court, on November 13, 1997.[3] The California Supreme Court denied the petition "on the merits and for lack of diligence" on May 27, 1998.

■ The district court ruled that the AEDPA limitation was tolled only while each state court had the petition under consideration. Thus, it excluded the gap of four days from the Superior Court's denial of Saffold's petition to his filing of a petition with the state Court of Appeal by delivery to prison authorities. It also excluded the four and one-half months between the denial by the Court of Appeal and Saffold's filing of his petition with the California Supreme Court.[4] By this calculation, Saffold had run over his one-year limitation by nearly five months when he filed his federal petition.

■ We know now that the district court erred in ruling that time ran for AEDPA purposes during all times when a petition was not actually under consideration in a state court. After the district court issued its order, we decided *Nino v. Galaza*, 183 F.3d 1003 (9th Cir.1999), *cert.*

*denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). There we held that:

the AEDPA statute of limitations is tolled for "all of the time during which a state prisoner is attempting, *through proper use of state court procedures*, to exhaust state court remedies with regard to a particular post-conviction application."

Applying these principles to California's post-conviction procedure, we hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge.

*Id.* at 1006 (footnote and citation omitted) (emphasis added). It seems clear, therefore, that time should have continued to be tolled during the brief gap of a few days between the Superior Court's denial of Saffold's habeas petition and his filing of a petition in the Court of Appeal. It is less clear under *Nino,* however, whether limitations should be tolled during the four and one-half months after the Court of Appeal denied relief and before Saffold petitioned the California Supreme Court. Section 2244(d)(2) tolls the AEDPA limitation while a "properly filed" application for habeas is pending in state court. 28 U.S.C. § 2244(d)(2). *Nino* stated, as we have emphasized above, that time was tolled while a petitioner was attempting to exhaust state collateral remedies " 'through proper use of state court procedures.' " *Nino,* 183 F.3d at 1006. We then added a footnote to *Nino,* stating:

---

3. Saffold contends that he did not receive notice of the denial by the Court of Appeal until November 10, 1997.

4. There are two methods by which a petitioner may seek review by the California Supreme Court after a habeas petition is denied by the Court of Appeal. The preferred method is by a petition for review, but the petitioner is also

free to file instead an original petition in the California Supreme Court. *See Nino,* 183 F.3d at 1006 n. 3. Saffold filed an original petition. He therefore was not governed by California's Rule of Court 28(b), upon which the dissent relies, that requires a petition for review to be filed within ten days after the Court of Appeal's decision became final.

Because it is not at issue in this case, we express no opinion as to whether tolling pursuant to AEDPA should be applied if the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims.

*Id.* at 1006 n. 4.[5]

The California Supreme Court's order denying Saffold relief stated, in its entirety: "Petition for writ of habeas corpus is DENIED on the merits and for lack of diligence." [6] The State contends that this order raises the question that *Nino* left open, but we conclude that the order does not. First and most important, the California Supreme Court did address the merits of Saffold's claim. The whole purpose of the tolling requirement is to permit state courts to address the merits of the petitioner's claim. As we observed in *Nino*, "[t]olling AEDPA's statute of limitations until the state has fully completed its review reinforces comity and respect between our respective judicial systems." *Id.* at 1007. We therefore decline to adopt a rule that would require Saffold to have filed his federal petition before the California Supreme Court ruled on the merits of his claim.

Even if we give separate consideration to the California Supreme Court's alternative ruling that Saffold's petition was denied "for lack of diligence," we conclude that time should remain tolled because the dismissal for untimeliness at least partially addressed the merits. The order wholly

fails to specify, either by additional explanation or citation to authority, whether the delay to which it refers is the four and one-half months from the decision of the Court of Appeal to the filing of Saffold's petition in the California Supreme Court, or the five years from the finality of Saffold's conviction to his first habeas petition.[7] But, in either event, at the time when it denied Saffold's petition partly for "lack of diligence," the California Supreme Court applied its untimeliness bar only after considering to some degree the underlying federal constitutional questions raised. *See La Crosse v. Kernan,* 211 F.3d 468, 473–74 (9th Cir.2000). Accordingly, such an untimeliness ruling did not constitute an independent state ground of decision. *See id.* at 473–74. We fail to see why an untimeliness ruling entangled with the federal constitutional merits, which is insufficient to cause a default of a federal claim, should be sufficient to defeat tolling of the AEDPA limitation. The untimeliness ruling involves consideration of the federal constitutional claims. As we have already stated, we are reluctant to require the filing of a federal petition before the California Supreme Court has finished its consideration of the merits of the claims. That reluctance continues whether the California Supreme Court is considering the merits directly, or derivatively in the course of determining whether an untimeliness bar should apply.

We conclude, therefore, that the California Supreme Court's denial of Saffold's petition on the alternative ground of "lack

---

5. We note that the Supreme Court has granted certiorari in a case that may address this issue left open in *Nino. See Bennett v. Artuz,* 199 F.3d 116 (2d Cir.1999), *cert. granted,* 529 U.S. 1065, 120 S.Ct. 1669, 146 L.Ed.2d 479 (2000).

6. The dissent quotes selectively from these words, *infra.* The fact remains, however, that the California Supreme Court denied Saffold's petition both *"on the merits* and for lack of diligence."

7. We note that at the time Saffold's conviction became final, the California Supreme Court's standards for timeliness for filing petitions for habeas corpus petitions were not consistently applied. *See Morales v. Calderon,* 85 F.3d 1387, 1390–93 (9th Cir.1996).

of diligence" did not cause an interruption of the tolling period that began on June 17, 1997.[8] Pursuant to *Nino*, Saffold is entitled to exclude from the calculation of the one-year limitation the entire period from the filing of his first state habeas petition in Superior Court until the denial of his habeas petition by the California Supreme Court on May 27, 1998.[9]

### THE "MAILBOX" RULE

 We reverse, therefore, the judgment of the district court that failed to credit Saffold with this entire time of tolling. We cannot direct the district court to entertain Saffold's petition, however, because there remain other matters in dispute concerning its timeliness. In *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court. We have said that the same rule would appear to apply to habeas corpus petitions filed under AEDPA. *See Miles v. Prunty*, 187 F.3d 1104, 1106 n. 2 (9th Cir.1999) (canvassing cases of other circuits so holding). We now hold that it does, and apply the *Houston* "mailbox" rule not only to the filing of Saffold's federal petition but also,

for purposes of calculating the AEDPA limitation period, to the filing of Saffold's petition to state court that began the period of tolling. At both times, the conditions that led to the adoption of the mailbox rule are present; the prisoner is powerless and unable to control the time of delivery of documents to the court. *See Houston v. Lack*, 487 U.S. at 270–72, 108 S.Ct. 2379.

The district court assumed, as we have, without deciding, that Saffold delivered his first state petition to prison authorities for mailing on April 17, 1997. The State disputes that point and, because the initial petition was not stamped "filed" in Superior Court until May 1, 1997, it will be necessary for the district court to determine when Saffold's petition was delivered to prison authorities in order to decide whether the limitation period that expired on April 23, 1997, had already run at that time. If Saffold delivered the petition to prison authorities on or before April 23, 1997, it will still be crucial to ascertain exactly when he did so, in order to determine the number of days Saffold had remaining in his one-year limitation period. The number of days remaining may turn out to be less than the number of days between the denial of Saffold's habeas petition by the California Supreme Court on

---

8. The dissenting opinion, in its footnote 1, refers to the rule adopted in *Bennett v. Artuz*, 199 F.3d 116 (2d Cir.1999), *aff'd*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), that "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Id.* at 120. We have no quarrel with this formulation, but disagree with the dissent that review was "unavailable" to Saffold at the time he filed his original habeas petition in the California Supreme Court. The California Supreme Court, in denying that petition, ruled on its merits. In light of that fact, it is impossible for us to conclude that review was "unavailable" in that court. Moreover, the alternative ruling denying the petition for lack

of diligence was " 'a condition for obtaining relief,' " necessarily ruled upon by the court, not a " 'condition to filing.' " *Dictado v. Ducharme*, 244 F.3d 724, 727 (9th Cir.2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 365, 148 L.Ed.2d 213 (2000)). Such procedural bars to the obtaining of relief do not prevent a petition from being "properly filed," *see id.*, and review from therefore being "available" even if unsuccessful.

9. Our conclusion that Saffold is entitled to tolling for this entire period makes it unnecessary for us to address his argument that he is entitled to equitable tolling because of the delay in notifying him of the decision of the California Court of Appeal.

May 27, 1998, and the date Saffold filed his petition in federal court. If so, Saffold's petition would be untimely. To determine this latter issue, the district court may have to address Saffold's contention that he delivered his federal petition, which was filed on June 4, 1998, to prison officials on June 2, 1998. We leave these matters to the district court on remand.

REVERSED and REMANDED.

O'SCANNLAIN, Circuit Judge, dissenting:

Because I disagree with the majority's interpretation of *Nino v. Galaza,* 183 F.3d 1003 (9th Cir.1999), I must respectfully dissent from its application of the federal statute of limitations to state habeas relief and the court's judgment that the district court erred in denying the federal petition.

I

Even if we assume that the majority's newly announced adoption of the "mailbox" rule is appropriate, many additional difficulties persist in its interpretation of *Nino.* Saffold contends, and the majority agrees, that the statute of limitations should be deemed tolled for the entire process of state collateral challenge. I cannot agree. In a case involving such dilatory behavior as this, the tripartite process cannot be treated as one solid block of tolled time; rather, the clock must continue to run in the periods of excessive delay between the three separate habeas petitions.

In *Nino,* this court held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.* at 1006. While at a superficial level, this statement may appear to lend support to the majority's argument that the interstitial periods between Saffold's state petitions are irrelevant, a more careful analysis of that precedent exposes the flaws in the majority's interpretation.

After setting out that general pronouncement, the court in *Nino* was careful to mention that "it express[ed] no opinion as to whether tolling pursuant to AEDPA should be applied if the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims." *Id.* at 1006 n. 4. When Saffold waited four months from the date that his petition to the California Court of Appeal was denied until the date that he handed his California Supreme Court petition to prison officials, he was not "properly pursuing" his appeal. Indeed, the California Supreme Court's dismissal "for lack of diligence" is just the sort of thing that the panel in *Nino* was exempting when it declined to toll "substantial delay[s] in asserting habeas claims." [1]

---

1. My reading of *Nino* is consistent with the approach taken to the 28 U.S.C. § 2244(d)(2) "pending" requirement by the Second Circuit in *Bennett v. Artuz,* 199 F.3d 116 (2d Cir. 1999). In *Bennett,* the Second Circuit held that "a state-court petition is 'pending' from the time it is first filed until finally disposed of *and further appellate review is unavailable under the particular state's procedures.*" *Bennett,* 199 F.3d at 120 (emphasis added), *aff'd on other grounds, Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). In this case, review by the California Supreme Court of Saffold's petition was unavailable due to, as the California Supreme Court itself said, Saffold's "lack of diligence" in pursuing that review. Thus, Saffold's petition was not "pending" under § 2244(d)(2) while he waited for several months to decide whether to seek California Supreme Court review.

It is utterly irrelevant that, as the majority notes in footnote 8, Saffold's procedural default was with regard to a "condition for obtaining relief" rather than with regard to a "condition to filing." The fact that the procedural bar was not with regard to a "condition to filing" simply means that Saffold's petition was "properly filed" under § 2244(d)(2). *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 365, 148 L.Ed.2d 213 (2000). By contrast, the question before us in this case, unlike the

Unlike the petitioner in *Nino,* who pursued his state claims diligently through all three avenues of potential relief, Saffold left a glaring gap between two of his collateral appeals. The language of *Nino* expressly contemplated the possibility that the clock could run during periods in which the petitioner was "not properly pursuing his state post-conviction remedies." 183 F.3d at 1006 n. 4. *Nino* exempts from its holding instances in which "the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims." *Id.* Under the California court rule governing the "strongly preferred" method of appeal, *id.* at 1006 n. 3, Saffold had ten days in which to file his petition for review to the California Supreme Court after the Court of Appeal's decision became final. Cal. Rules of Court, rule 28(b). He waited several months; and when he did eventually file his petition, it was dismissed "for lack of diligence." Under any method of review, Saffold's delay falls substantially outside the period that *Nino* tolls for "properly pursu[ed]" state post-conviction remedies. 183 F.3d at 1006. The majority ignores the California Supreme Court's dismissal, stating that it should have justified its decision by providing "additional explanation or citation to authority." Maj. Op. at 1267. I cannot participate in the majority's attempt to tell the California Supreme Court how to deal with dilatory petitions. Saffold had obviously dallied months longer than the time allotted under California rules. Regrettably, the majority presumptuously and inappropriately purports to

trump the procedural rules of the highest court of a sovereign state. By overlooking Saffold's delay in this case, the majority eviscerates the language in the fourth footnote of the *Nino* decision. What, if not a case such as this, pray tell, would satisfy the majority that a petitioner had violated *Nino?*

## II

The magistrate judge provided specific findings and recommendations on the argument that Saffold should not be held accountable for the four-month delay because during that time he was not made aware that the California Court of Appeal had denied his claim. There was "no state created impediment" to prevent Saffold from having filed his petitions to the California Supreme Court and to the United States District Court in a timely fashion, regardless of the California Court of Appeal's ruling. Furthermore, neither the prison nor the California Court of Appeal did anything to prevent Saffold from receiving notice of the decision.

There simply is no authority for the proposition that Saffold is entitled to relief for not receiving prompt notice of the denials by the various California state courts. Saffold surely could have inquired about the status of his petition once during those four months. He knew that he could ascertain the status of his petition by contacting the court, as he had done so before,[2] and by choosing to wait so long, he ran the risk of seeing his one-year period evaporate.

---

question before either the Supreme Court in *Bennett,* or this court in *Dictado v. Ducharme,* 244 F.3d 724 (9th Cir.2001), is whether Saffold's petition was "pending" under § 2244(d)(2), not whether it was "properly filed."

**2.** Previously, Saffold wrote to the San Joaquin County Superior Court to determine the status of his petition even before the court had ruled on it.

## III

Equitable tolling does not apply to Saffold because this court has applied that doctrine "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *See, e.g., Miles,* 187 F.3d at 1107 (quoting *Calderon (Kelly),* 163 F.3d at 541) (internal quotation marks omitted). The Supreme Court echoed this sentiment, ruling out equitable tolling for "what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Here, the magistrate judge properly rejected petitioner's delayed notice argument, finding no authority "for the proposition that a court document is not effective until a prisoner receives notice of it."

## IV

The court in *Nino* specifically carved out an exception to the language upon which the majority rests its decision. That exception clearly dictates that Saffold's dilatory petitions fall outside the scope of properly pursued state post-conviction appeals. The district court properly dismissed the petition. I therefore dissent.

