CARL E. STEWART, Circuit Judge,
concurring in part, dissenting in part:
I respectfully dissent from the majority’s determination that Melancon’s claims before the state trial court were no longer pending in state court when he failed to file timely for a supervisory writ with the Louisiana Court of Appeal or to obtain an extension. I concur in all other aspects of the majority opinion. '
Because Melancon did not file his application until May 8, 1998, the issues to be resolved in this case, as stated by the majority, are: (1) whether Melancon’s application for a supervisory writ to the Louisiana Court of Appeal was “properly filed” under 28 U.S.C. § 2244(d)(2) to warrant tolling the time between May 8, 1998, and February 5, 1999, the date on which the Louisiana Supreme Court denied his application for a supervisory writ and (2) whether Melancon’s claims before the trial court were “pending” between the trial court’s December 9, 1997, denial of relief and his May 8, 1998, application to the Louisiana Court of Appeal to warrant tolling under § 2244(d)(2).
Regarding the first issue, the majority readily finds that because Louisiana Court of Appeal Rule 4-3 allows a court of appeal to consider an application for a supervisory writ that was not timely filed and the Louisiana Court of Appeal did so in Melan-con’s case, his application was “properly filed” in state court. Thus, the majority considers the main issue to be when his state habeas application was considered “pending” under § 2244(d)(2).
Consistent with other circuits that have considered -the issue, the majority holds that a state habeas application is “pending” during the intervals between the state court’s disposition of a state habeas petition and the petitioner’s timely filing of a petition for review at the next level. Thus, it finds that the limitations period for Me-lancon to file his § 2254 petition was tolled from May 8, 1998, (since that state filing is considered “properly filed”) to February 5, 1999, while the properly filed habeas applications were pending.
The majority notes, however, that Me-lancon’s federal habeas petition requires *409 tolling the time that lapsed between the trial court’s disposition of the case on December 9, 1997, and Melancon’s May 8, 1998, application to the court of appeal. It observes that this Court recently held in Williams v. Cain, 217 F.3d 303, 309-11 (5th Cir.2000), based on the definitions of “pending” articulated in other circuits, that a case was no longer pending when further appellate review was unavailable. However, it points out that Williams’s holding was expressly limited to situations in which a state court failed to consider the merits of the untimely application. The majority then extends Williams’s holding to situations in which the state court considered the merits of an untimely application. Applying this rule, the majority finds that Melancon’s habeas application was no longer pending in state court when he failed to file timely for a supervisory writ with the Louisiana Court of Appeal or to obtain an extension. It asserts that this rule is “consistent with Congress’s intent to encourage exhaustion of state remedies without allowing petitioners to indefinitely toll the limitations period.”
While the majority’s conclusion that Me-lancoris claims before the trial court were no longer pending when he failed to file timely for a supervisory writ with the Louisiana Court of Appeal is not without some jurisprudential support, I am persuaded by a recent decision by the Ninth Circuit. In Saffold v. Newland, 250 F.3d 1262, 1266-67 (9th Cir.2001), amending Saffold v. Newland, 224 F.3d 1087 (9th Cir.2000), the court determined that where the California Supreme Court considered the merits of a petition for a writ of habeas corpus, even though it was submitted four and one-half months after the court of appeal denied relief, the petitioner was entitled to tolling of the time between the court of appeal’s denial and the California Supreme Court’s rejection of the petitioner’s claims. The court tolled the intervening time even though the California Supreme Court had applied the untimeliness bar as an alternative ground for denying relief. Saffold, 250 F.3d at 1266-67. The court found it significant that the California Supreme Court had considered the petition “on the merits.” Id. The court stated that “[t]he whole purpose of the tolling requirement is to permit state courts to address the merits of the petitioner’s claim” and that “[tjolling AEDPA’s statute of limitations until the state has fully completed its review reinforces comity and respect between our respective judicial systems.” Id. at 1267 (internal quotations omitted) (alteration in original). Furthermore, the court declined “to adopt a rule that would require [a habeas petitioner] to have filed his federal petition before the California Supreme Court ruled on the merits of his claim.” Id. Thus, the court concluded that the petitioner was entitled “to exclude from the calculation of the one-year limitation the entire period from the filing of his first state habeas petition in Superior Court until the denial of his habeas petition by the California Supreme Court.” Id. at 1268.
In the instant case, the majority correctly notes that Congress did not intend to permit petitioners to toll the limitations period for filing habeas petitions indefinitely. However, Congress clearly intended to allow tolling while a properly filed habeas petition is pending before a state court. The tolling provision in § 2244(d)(2) inherently defers to state rules and procedures, particularly those pertaining to the timeliness of a writ application. If a state permits an exception to a filing deadline, then it follows that for § 2244(d)(2) tolling purposes, federal courts should as well. In my view, once a state court decides to consider the merits of an untimely petition, that petition should be “purged” of all effects, includ *410 ing those arising in federal court, resulting from its former untimely status. As with the California Supreme Court’s review of the habeas petition on the merits in Saffold, the Louisiana Court of Appeal’s decision to review Melancon’s habe-as application on the merits should render the untimeliness of the application inconsequential for § 2244(d)(2) tolling purposes. See Romero v. Roe, 130 F.Supp.2d 1148, 1150 (C.D.Cal.2001)(“The key question, [for § 2244(d)(2) tolling purposes] is whether a particular petition was resolved on the merits by the state court, not on the particular length of time between the disposition of the earlier petition and the filing of the next.”).
Because I would hold that Melancon is entitled to tolling of the time that lapsed between the trial court’s disposition of his case on December 9, 1997, and Melancon’s May 8, 1998, habeas application to the court of appeal, I respectfully dissent.