**Arthur HOLLOWAY, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden; California State Attorney General, Respondents–Appellees.**

No. 00–56722.

D.C. No. CV–99–09274–CM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.\*

. Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM \*\*

Arthur Holloway appeals pro se the district court's dismissal as untimely his 28

---

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2). Accordingly, Holloway's request for oral argument is denied.

U.S.C. § 2254 habeas petition challenging his state conviction for first degree residential burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253.

Pursuant to Holloway's challenge to the district court's procedural ruling, the district court granted a certificate on the issue of whether Holloway's § 2254 petition was untimely because he was not entitled to tolling of the AEDPA's one-year statute of limitations. We review de novo the district court's procedural dismissal of a habeas petition. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).

Because his conviction became final before the enactment of the AEDPA, Holloway had until April 24, 1997, by which to file his federal petition. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 n. 5 (9th Cir.2001). Holloway's section 2254 habeas petition was filed in September 1999. This Court, however, has established that a petitioner is entitled to statutory tolling for the entire time in which he is properly pursuing state post-conviction or collateral remedies. *See Saffold v. Newland,* 250 F.3d 1262, 1266–68 (9th Cir.2000) (concluding that the entire period from the filing of petitioner's first state habeas petition in California's Superior Court until the denial of his petition by the California Supreme Court was tolled); *accord Nino v. Galaza,* 183 F.3d 1003, 1005–06 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

Here, the state asserted and the district court determined that Holloway's habeas petition was denied by the California Superior Court in September 1997, approximately fifteen months before Holloway filed his habeas petition in the California Supreme Court.[1]

Our independent review of the record, however, indicates that it is unclear whether either of the California Superior Court's minute orders dated December 5, 1996, and September 18, 1997, constituted a dispositive ruling on Holloway's petition. Such a final resolution is necessary to make a proper determination as to whether Holloway is entitled to statutory tolling for the entire period in which his state habeas petition was "pending" in the Superior Court, and consequently, whether Holloway's section 2254 petition was timely. *See Saffold,* 250 F.3d at 1265–66 (concluding that petitioner is entitled to tolling under 28 U.S.C. § 2244(d)(2) during the entire period in which a state collateral proceeding is "pending").

We therefore **VACATE** the district court's dismissal order and **REMAND** for the district court to resolve the issue of whether the Superior Court properly ruled upon Holloway's state habeas petition, and if so, when.

**VACATED and REMANDED for further proceedings.**

---

1. Holloway submitted a petition to the California Superior Court in August, 1996, but it was never date-stamped. Because the California Superior Court deemed Holloway's petition "filed" in its minute order dated December 5, 1996, we determine that Holloway's state habeas petition is "properly filed" for tolling purposes. *See Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (holding that a petition is properly filed when it is delivered and accepted by officials in compliance with the applicable laws and rules governing filings); *accord Dictado v. Ducharme,* 244 F.3d 724, 726 (9th Cir.2001).