Giles AUBREY, Jr., Petitioner–
Appellant,

v.

ATTORNEY GENERAL OF the State of
CALIFORNIA; Ana M. Ranarily–
Palmer, Warden, Respondents–Appel-
lees.

No. 99–55411.
D.C. No. CV–98–01901–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 16, 2002.

\* Honorable Ann L. Aiken, United States District Court Judge for the District of Oregon, sitting by designation.

Before T.G. NELSON and W. FLETCHER, Circuit Judges, and AIKEN,\* District Judge.

MEMORANDUM \*\*

Giles Aubrey, Jr. ("Aubrey"), appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred under 28 U.S.C. § 2244(d)(1).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We reverse and remand because we conclude that Aubrey's petition was timely under *Tillema v. Long*.[1]

## I

Aubrey was convicted of first-degree murder in 1990. In 1992, the California Court of Appeals affirmed his conviction and the California Supreme Court denied review. Aubrey filed a federal habeas petition on October 15, 1996.[2] On September 9, 1997, the district court dismissed the petition for asserting unexhausted claims, without giving Aubrey an opportunity to amend the petition to strike them. Aubrey filed the habeas petition at issue in this case on March 13, 1998. On January 12, 1999, the district court dismissed the petition as time-barred under § 2244(d)(1). Aubrey argues on appeal that equitable and statutory tolling rendered his petition timely.

## II

We review de novo a district court's dismissal of a § 2254 habeas corpus petition as untimely under § 2244(d)(1).[3] There is no dispute that Aubrey's conviction was final before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[4] became effective. Thus, AEDPA's one-year statute of limitations began running on April 24, 1996,[5] and, barring tolling, expired on April 24, 1997. Aubrey filed his petition almost a year later, on March 13, 1998.

Aubrey first argues that equitable tolling under *Tillema v. Long*[6] applies to his case. We agree, and therefore we do not reach Aubrey's other arguments. In *Tillema*, the district court dismissed a petition after the limitation period had run for failure to exhaust, but without affording the petitioner an opportunity to strike his unexhausted claims.[7] The district court dismissed the petitioner's next petition as untimely under § 2244(d)(1).[8] We reversed because we concluded that the district court had violated *Rose v. Lundy*[9] by dismissing the previous petition without affording the petitioner an opportunity to amend the petition to strike his unexhausted claims.[10]

In *Rose*, the Supreme Court held that a district court must dismiss petitions containing a mix of exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only unexhausted claims to the district court."[11] In *Tillema*, we observed that

---

1. 253 F.3d 494 (9th Cir.2001).

2. Aubrey filed a number of state and federal habeas petitions from 1993 to 1998, but only the two federal habeas petitions we discuss herein are relevant to this appeal.

3. *See Saffold v. Newland*, 250 F.3d 1262, 1265 n. 2 (9th Cir.2001), *cert. granted,* — U.S. ——, 122 S.Ct. 393, 151 L.Ed.2d 297 (Oct. 15, 2001). Certiorari was granted on an unrelated question. *See* Petitioner's Brief on the Merits, *Newland v. Saffold,* No. 01–301, 2001 WL 1575756 at *i (Nov. 28, 2001).

4. Pub. L. 104–132, 110 Stat. 1214 (codified in scattered sections of 8, 18, 22, 28, 40 and 42 U.S.C.).

5. *Saffold,* 250 F.3d at 1265.

6. 253 F.3d 494.

7. *Id.* at 496–97; 503–04.

8. *Id.* at 497–98.

9. 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

10. *See Tillema,* 253 F.3d at 503–05.

11. *Rose,* 455 U.S. at 510.

under *Rose*, "we have 'long held that a federal habeas petitioner has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal[,]' " [12] especially a dismissal *after the end of the limitation period,* which "literally and immediately extinguish[es] [the petitioner's] right to federal habeas review." [13] Accordingly, "any time in excess of AEDPA's limitation period should be equitably tolled" in such circumstances.[14]

■ Aubrey's case falls squarely under the *Tillema* analysis. Aubrey filed a timely petition on October 15, 1996. The district court dismissed the petition for failure to exhaust state remedies, without affording Aubrey an opportunity to amend the petition to strike any unexhausted claims. This dismissal came after the end of the AEDPA limitation period.[15] The district court dismissed Aubrey's next petition as untimely. Thus, the district court violated Aubrey's "right to amend a mixed petition to delete unexhausted claims as an alternative to suffering dismissal ... literally and immediately extinguish[ing] his right to federal habeas review." [16] Accordingly, we conclude that Aubrey "is entitled to a determination that his [subsequent] habeas petition was time-

ly filed." [17] We need not reach Aubrey's other tolling arguments.

REVERSED and REMANDED to the district court for further proceedings consistent with this memorandum.

---

12. *Tillema*, 253 F.3d at 503 (quoting *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir.2000)).

13. *Id.* at 504.

14. *Id.* at 503. We note that this language could be interpreted to mean that an erroneous dismissal without affording the opportunity to strike unexhausted claims tolls the limitation period indefinitely, rendering timely even a petition filed a number of years later. However, we need not, and do not, address this issue here because Aubrey filed his second petition more promptly than did Tillema.

15. The limitation period ended on April 24, 1997; the district court dismissed the petition five months later, on September 25, 1997.

16. *Tillema*, 253 F.3d at 503–04.

17. *Id.* at 504 n. 12. We made this statement in the context of statutory tolling, but it applies with equal force to our equitable tolling holding. *See id.* ("Tillema is entitled to the relief he seeks [a determination that his petition was timely] on both [statutory and equitable tolling] grounds.")

