**La VON HANEY, Petitioner—
Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden,
Respondent—Appellee.**

Nos. 01–17414, 03–16028.
D.C. Nos. CV–00–20560–JW,
CV–97–20132–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided March 4, 2004.

Rehearing Denied April 6, 2004.

Albert J. Kutchins, Berkeley, CA, Lavon Haney, pro se, PBSP–Pelican Bay State Prison, Crescent City, CA, for Petitioner–Appellant.

Morris Beatus, Deputy Atty. Gen., Pamela K. Critchfield, AGCA–Office of the California, Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

La Von Haney challenges two rulings of the district court: (1) the denial of his Federal Rule of Civil Procedure 60(b) mo-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion to vacate the judgment dismissing his first habeas petition, and (2) the dismissal of his second habeas corpus petition as untimely. Because the parties are familiar with the procedural and factual history of the case, we do not recount it here. We address each issue in turn, affirming the first ruling and reversing the second.

Rule 60(b) gives courts the power "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (internal quotations, citations omitted). The district court's denial of Haney's Rule 60(b) motion is reviewed for an abuse of discretion. *Community Dental Services v. Tani*, 282 F.3d 1164, 1167 n. 7 (9th Cir. 2002).

■ The district court did not err in initially dismissing Haney's petition. At the time of the dismissal in March, 1999, neither *McClain v. Hill*, 52 F.Supp.2d 1133 (C.D.Cal.1999) nor *La Crosse v. Kernan*, 211 F.3d 468 (9th Cir.2000), *amended at* 244 F.3d 702 (9th Cir.2001), had been published, so the district court was still justified in believing that the state court's *Swain* citation precluded federal review. By November, 1999, when the district court denied Haney's request for a Certificate of Appealability ("COA") regarding the dismissal, *McClain* had been published but *La Crosse* had not. We cannot say that the district court abused its discretion in not following the lead of a sister district court.

Haney contends that the district court erred in denying him a COA for a second time in its June 13, 2000 Order on Remand (subsequent to the precedential publication of *La Crosse*). But that order did not deny his COA; it instead referred the question to the Court of Appeals, which denied a COA because it did not believe that Haney had "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In sum then, the district court's decision to deny Haney's Rule 60(b) motion for relief from judgment must be upheld because we do not think it "lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir.2000).

■ Noting that the California Supreme Court dismissed Haney's first habeas petition on August 28, 1996, the district court calculated that the statute of limitations for filing a federal habeas petition ran on August 29, 1997, and that Haney's second federal habeas petition, filed May 19, 2000, was therefore untimely. The court then concluded that the second petition was not eligible for equitable tolling.

"[E]quitable tolling is warranted only by extraordinary circumstances beyond the petitioner's control which made it impossible to file a timely federal habeas petition." *Fail v. Hubbard*, 315 F.3d 1059, 1061–62 (9th Cir.2001). Where the facts concerning tolling are undisputed, whether the statute of limitations should be equitably tolled is a question subject to de novo review. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir.2002).

The untimely filing of Haney's second federal habeas petition appears to be attributable entirely to undue delay by the district court. Haney's first federal petition, which contained one simple, unexhausted claim, languished on the district court's docket for seven months before, and eighteen months after, the statute of limitations ran. Even after the petition was dismissed, the district court failed to notify Haney of the dismissal for an additional five months. In contrast to the district court's pace, Haney diligently prosecuted his petition and cannot be

blamed for the delay. *See Guillory v. Roe,* 329 F.3d 1015, 1017 (9th Cir.2003). We conclude that thirty months of delay by the district court is a sufficiently extraordinary circumstances out of Haney's control to warrant equitable tolling.[1]

We deny Haney's request to have the case reassigned to a different judge on remand. **Each party to bear its own costs.**

**AFFIRMED in part; REVERSED in part; REMANDED.**

**1.** We hold only that Haney's second petition is entitled to equitable tolling. We do not comment on whether or not the petition is moot.

