NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD RICHARD BROWN,

        Petitioner-Appellant,

  v.

DONALD HOLBROOK, Superintendent,
Washington State Penitentiary,

        Respondent-Appellee.

No.   21-35605

D.C. No. 2:20-cv-01753-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted February 15, 2023
Seattle, Washington

Before:  W. FLETCHER and VANDYKE, Circuit Judges, and LIBURDI,[**] District Judge.

      Washington state prisoner Ronald Brown is serving a sentence for burglary

and robbery.  Seeking postconviction relief in 2017, Brown filed his state personal

restraint petition (PRP) and a postconviction motion that was construed as a second

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

PRP. The Washington Supreme Court denied review of the first PRP. The Washington Supreme Court denied the second PRP on the merits and issued a certificate of finality on November 15, 2018. The United States Supreme Court denied certiorari on November 18, 2019, making the judgment final.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner to bring his federal habeas action within a year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). For Brown, the AEDPA statute of limitations was set to expire on November 18, 2020, one year after his judgment became final.

Brown had drafted his own habeas petition and sent it to his attorney, Desmond Kolke, on October 7, 2020, six weeks before the deadline. Kolke was "working on organizing the materials and completing the [habeas] form" when he learned he had been exposed to COVID. On November 16, Kolke began experiencing symptoms including fatigue, headache, and elevated temperature. On November 24, Kolke's COVID test results came back negative. Shortly thereafter, he returned to the office to complete Brown's habeas petition. Kolke then discovered his PACER account had lapsed due to inactivity. Unable to e-file, Kolke mailed the petition to the court via USPS on November 24, and the court received it on November 27—nine days after the deadline.

The federal district court denied Brown's petition because Brown through his

attorney had filed it after the AEDPA statute of limitations had expired, and Brown had not shown a legitimate basis for equitable tolling. On appeal, Brown argues he is entitled to equitable tolling because, although he diligently tried to file his petition before the deadline, "extraordinary circumstances surrounding the COVID-19 pandemic" prevented him from doing so.

There is no dispute that Brown's habeas petition was filed outside the statute of limitations, and that the "prison mailbox rule" is inapplicable because Brown was not proceeding pro se. *See Saffold v. Newland*, 250 F.3d 1262, 1265, 1268 (9th Cir. 2000) *overruled on other grounds by Casey v. Saffold*, 536 U.S. 214 (2002). Brown instead argues he is entitled to equitable tolling—or at least to an evidentiary hearing. To be eligible for equitable tolling, the petitioner bears the burden of showing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (cleaned up).

Here, it is only necessary for the court to address the extraordinary circumstances prong of the test, because it is dispositive. Brown argues that he is entitled to equitable tolling because he experienced multiple extraordinary circumstances: Kolke's "misrepresentations," the COVID pandemic in general, and Kolke's illness specifically. Extraordinary circumstances require more than "mere

3

negligence" on the part of a petitioner's counsel. *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). Kolke's tendency to overpromise and underdeliver is not "sufficiently egregious to constitute extraordinary circumstances." *Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014). To rise to that level, an attorney's misconduct must be so egregious that it is comparable to "effective abandonment." *Id.* at 888; *see Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). Though Kolke's representation was obviously sub-par, it wasn't the type of egregious attorney misconduct that could reasonably be compared to abandonment. To the contrary, Kolke remained in contact with Brown, and he filed the petition (albeit late) on Brown's behalf. Kolke's unreliability is not an extraordinary circumstance.

Nor does the COVID pandemic give rise to "extraordinary circumstances" here. Brown argues that "the pandemic has been an extraordinary circumstance for this nation" but fails to explain how the pandemic generally had an "extraordinary" influence in this particular situation. The occasional disruption from counsel getting sick is foreseeable and thus not an extraordinary circumstance. Brown acknowledges that the lobbies in "[b]oth the Tacoma and Seattle Courthouses … [were] open with a drop box for filings" so even without PACER the petition could have been personally delivered. The pandemic is not the reason that Kolke did not file via PACER or drop box; Kolke's failure to do so is attributable to his own negligence. These are the sort of "run-of-the-mill" mistakes that our court has

determined "do not rise to the level of extraordinary circumstances." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015).

Finally, Brown is not entitled to an evidentiary hearing. The parties do not dispute the facts as alleged, and even taking the facts in the light most favorable to Brown they simply do not form the basis for equitable tolling.

**AFFIRMED.**