**Bruce Wayne MORRIS, Petitioner–Appellant,**

v.

**Jeanne WOODFORD, Acting Warden of California State Prison at San Quentin, Respondent–Appellee.**

No. 99–99028.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2000

Submission Deferred July 12, 2000

Resubmitted Aug. 15, 2000

Filed Oct. 5, 2000

Marianne D. Bachers, San Francisco, California, and Tony Tamburello, Tamburello, Hanlon & Waggener, San Francisco, California, for the petitioner-appellant.

Ward A. Campbell and Susan Rankin Bunting, Deputy Attorneys General, Sacramento, California, for the respondent-appellee.

Michael Pescetta, Assistant Federal Public Defender, Las Vegas, Nevada, for the amicus curiae.

Before: FERGUSON, GRABER, and W. FLETCHER, Circuit Judges.

GRABER, Circuit Judge:

Petitioner Bruce Wayne Morris was sentenced to death in California for the 1985 murder of Rickey Van Zandt. He appeals the district court's denial, on summary judgment, of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## EARLIER PROCEEDINGS

At the close of the guilt phase of the trial, on June 22, 1987, the jury found Petitioner guilty of first-degree murder and robbery and further found the special circumstance that Petitioner had committed the murder during the commission of the robbery.

The trial moved to a penalty phase. Evidence was introduced in mitigation and aggravation. At the close of the evidence, the jury retired to deliberate. After requesting that the district court clarify a jury instruction, the jury sentenced Petitioner to death.

Petitioner appealed. While his appeal was pending in state court, he filed his first state petition for a writ of habeas corpus in the California Supreme Court. That petition was denied on September 7, 1990.

On March 28, 1991, a divided California Supreme Court affirmed Petitioner's con-

viction and sentence of death on direct appeal. *See People v. Morris*, 53 Cal.3d 152, 279 Cal.Rptr. 720, 807 P.2d 949 (1991), *cert. denied*, 502 U.S. 959, 112 S.Ct. 421, 116 L.Ed.2d 441 (1991).

On March 27, 1992, Petitioner filed an application for stay of execution and a request for appointment of counsel in federal court. Counsel was appointed in August 1992. On June 15, 1993, Petitioner filed a petition for habeas corpus in federal district court. The state moved to dismiss for failure to exhaust state remedies. On December 6, 1993, the district court granted in part the motion to dismiss and issued an order staying the case to allow Petitioner to exhaust state remedies.

On December 1, 1995, Petitioner filed a second petition for habeas corpus in state court. The California Supreme Court denied the petition in a one-page order filed on December 6, 1995. In that order, the court concluded that the petition was "untimely" under *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 737–40 (1993). The court also denied the petition "on the merits," but without elaboration.

Petitioner returned to federal court and, on January 17, 1996, filed his first amended petition for habeas corpus. That petition is the subject of this appeal.

On May 15, 1996, the state moved for summary judgment. In its motion, the state argued (among other things) that all the claims that Petitioner had raised in his second state-court petition for habeas corpus were procedurally barred in federal court as a result of the denial of the state petition on procedural grounds. The state also argued that several other of Petitioner's claims were procedurally barred because Petitioner had waived them or had failed to exhaust state remedies. The magistrate judge agreed and, on May 27, 1997, recommended that all or part of 13 of Petitioner's claims be denied on procedural grounds. The district court adopted the magistrate judge's recommendation.

The magistrate judge then addressed the remainder of Petitioner's claims on the merits. On March 3, 1998, the magistrate judge issued Findings and Recommendations on claims 36 and 40 of Petitioner's petition. Those claims address an error in a printed instruction that was given to the jury during the penalty phase. The magistrate judge recommended that those claims be granted and that Petitioner receive a new penalty-phase trial.

On August 4, 1998, the magistrate judge issued Findings and Recommendations on Petitioner's remaining claims. The magistrate judge recommended that those claims be denied.

On June 3, 1999, the district court issued an order granting the state's motion for summary judgment as to *all* of Petitioner's claims. The district court rejected the magistrate judge's recommendation as to claims 36 and 40, concluding that the error in the jury instruction, if any, was harmless. The court adopted without discussion the magistrate judge's recommendation that the remaining claims be denied.

Petitioner then filed a request for a Certificate of Probable Cause (CPC), which the district court granted. This timely appeal followed.

## STANDARD OF REVIEW

 This court reviews de novo a district court's decision to deny a petition under 28 U.S.C. § 2254. *See McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir.1999) (per curiam). Because Petitioner filed his petition before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the provisions of that Act do not apply to the merits of this appeal. *See Lindh v. Murphy*, 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). However, AEDPA's procedural requirements do apply, because Petitioner filed his notice of appeal after the statute's effective date. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000).

## DISCUSSION

### I. *Petitioner's Certificate of Probable Cause*

Before Congress enacted AEDPA, a party who wished to appeal a district court's denial of a petition for habeas corpus was required to obtain a CPC, as Petitioner did in this case. To obtain a CPC, a petitioner was required to make a "substantial showing of the denial of [a] federal right." *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (citation and internal quotation marks omitted). If a petitioner made such a showing as to *any* issue in his petition, then *all* the issues in the petition could be appealed. *See Chacon v. Wood,* 36 F.3d 1459, 1467 (9th Cir.1994).

■ Congress changed that requirement with the passage of AEDPA, substituting the certificate of appealability (COA) for the CPC. Unlike a CPC, which allows a party to appeal an entire petition, a COA is granted on an issue-by-issue basis. A petitioner specifically must request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir. 1999).

Before *Slack v. McDaniel,* the rule in this circuit was that the new requirement of a COA did not apply in cases that were filed in the district court before the effective date of AEDPA. *See, e.g., Fuller v. Roe,* 182 F.3d 699, 702–03 (9th Cir.1999) (as amended). Thus, a petitioner who filed a petition for habeas corpus *before* AEDPA was required in this circuit to obtain a CPC, not a COA, even if the petitioner filed his or her notice of appeal *after* AEDPA.

However, *Slack* overruled circuit law on this issue. *See Slack,* 120 S.Ct. at 1603. In *Slack,* the Supreme Court held that, because the petitioner had sought appellate review after AEDPA's effective date, the provisions of AEDPA governed his appeal, even though he had filed his petition before AEDPA took effect. Specifically, the requirement for a COA—not a CPC—applied. *See id.*

■ Under *Slack,* then, Petitioner was required to obtain an issue-by-issue COA. Through no fault of his own, he obtained a CPC instead. In cases in which *Slack* has had this effect, we treat the petitioner's notice of appeal as a request for a COA on the issues raised in the briefs, and we grant a COA on those issues as to which the petitioner has made the requisite "substantial showing of the denial of a constitutional right." *Schell v. Witek,* 218 F.3d 1017, 1021 n. 4 (9th Cir.2000).

■ Under that new procedure, we turn to the claims that Petitioner raises on appeal. As noted, Petitioner raised 43 claims in his petition, all of which the district court denied. Petitioner does not present to this court any argument concerning a number of those claims. Petitioner has abandoned those claims that he does not address in his briefs. *See Poland v. Stewart,* 169 F.3d 573, 590. (9th Cir.1999) (as amended).

The claims on which Petitioner does seek a COA fall into two categories: claims that were denied on the merits, and claims that were denied on procedural grounds.

### A. *Claims that the District Court Denied on the Merits*

We conclude that Petitioner has made a substantial showing of the denial of a constitutional right as to the following issues, which the district court resolved on the merits: (1) whether the trial court's comments to the jury violated *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), as alleged in Claim 24; (2) whether the district court's guilt-phase instruction concerning accomplice liability denied Petitioner a fair trial, as alleged in Claim 14; (3) whether Avette Barrett's and Allison Eckstrom's plea agreements

were unduly coercive, as alleged in Claims 1 and 2;[1] and (4) whether Special Instruction 60, which the district court gave during the penalty phase, denied Petitioner a fair trial, as alleged in Claims 36 and 40.

We hereby grant a COA as to those issues.

### B. Claims that the District Court Dismissed on Procedural Grounds

■ In *Slack*, the Court set out a two-step analysis for deciding whether to grant a COA when a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." *Slack*, 120 S.Ct. at 1604. In those circumstances, a COA should issue if the prisoner can show: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.*

Here, Petitioner appeals the district court's dismissal, on procedural grounds, of all or part of Claims 8, 17, 37, and 38. In determining whether to grant a COA on those claims, we apply the two-step analysis from *Slack*.

■ First, we consider whether the district court's procedural ruling was debatable among jurists of reason. We conclude that it was. The district court dismissed the claims on the ground that they previously had been denied by the California Supreme Court on an independent and adequate state-law ground. In a federal habeas action brought by a state prisoner

under 28 U.S.C. § 2254, a federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ In this case, the California Supreme Court had denied Petitioner's second state-court petition because it was untimely under the holding of *Clark*, 21 Cal. Rptr.2d 509, 855 P.2d at 737–40. The district court concluded that the California Supreme Court's "untimeliness" decision rested on an "independent and adequate" state-law ground and denied those claims (which Petitioner also had presented in the second state-court petition) on that basis. However, this court has held that the "untimeliness" bar from *Clark* is *not* an independent and adequate state-law ground. *See La Crosse v. Kernan*, 211 F.3d 468, 474 (9th Cir.2000).[2] Accordingly, the California Supreme Court's denial, under *Clark*, of Defendant's second state habeas petition does not bar federal review of claims raised in that petition. *See id.* The district court's holding that all or parts of claims 8, 17, 37, and 38 are procedurally barred, then, is incorrect.

■ Because the district court's procedural ruling was incorrect, we must issue a COA if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 120 S.Ct. at 1604. In completing that second step of the two-step *Slack* analysis, we are guided by this court's recent decision in *Lambright v.*

1. In his briefs to this court, Petitioner combines that argument with an argument that the state improperly "vouched" for Barrett and Eckstrom, both in the plea agreements themselves and at trial. Petitioner did not present that "vouching" argument in state court or in district court. Accordingly, the argument is unexhausted and unpreserved, and we will not consider it on appeal. We write only to make clear that Petitioner's arguments about vouching *are not included* in

the COA, even though we grant a COA on the question whether the plea agreements were unduly coercive.

2. The *La Crosse* panel recently withdrew its opinion, *see* 2000 WL 1292718 (9th Cir. Sept.8, 2000), and has not issued a replacement opinion. However, we agree with and hereby adopt the reasoning of the withdrawn opinion with respect to the *Clark* issue.

*Stewart,* 220 F.3d 1022 (9th Cir.2000). Under *Lambright,* our task is "simply [to] take a quick look at the face of the complaint to determine whether the petitioner has facially allege[d] the denial of a constitutional right." *Id.* at 1026 (citations and internal quotation marks omitted). Any claims that satisfy that "modest standard," *id.* at 1027, must receive a COA.

█ We conclude that three of the four procedurally barred issues that Petitioner raises meet that standard. Those issues are: (1) whether Petitioner received ineffective assistance of counsel, as alleged in claim 37; (2) whether Petitioner was denied a fair trial by the state's erroneous introduction of excluded evidence, as alleged in Claim 8; and (3) whether Petitioner was incompetent to aid and assist in his own defense, as alleged in claim 38.

We hereby grant a COA as to those issues.

## II. *Factual Development of Claims that Were Denied on Procedural Grounds*

Petitioner argues that he is entitled to further factual development as to his claims of ineffective assistance of counsel and incompetence to aid and assist counsel. In his petition, he requested an evidentiary hearing on those claims. However, because the district court dismissed the claims on procedural grounds, no evidentiary hearing was held.

█ "In a capital case, a habeas petitioner who asserts a colorable claim to relief, and who has never been given the opportunity to develop a factual record on that claim, is entitled to an evidentiary hearing in federal court." *Siripongs v. Calderon,* 35 F.3d 1308, 1310 (9th Cir.1994) (as amended). Here, Petitioner has raised colorable claims of ineffective assistance of counsel and incompetence, but has never received an evidentiary hearing on those

claims. We hold that Petitioner is entitled to an evidentiary hearing on those claims.[3]

█ We also emphasize that a more developed factual record with regard to those claims is necessary for meaningful appellate review. The state argues that the lack of a factual record is Petitioner's fault and that Petitioner's failure to provide more factual support for his claims militates against granting an evidentiary hearing. We agree that a petitioner who negligently fails to develop the material facts supporting a claim at the state-court level generally is not entitled to a federal evidentiary hearing. *See Keeney v. Tamayo–Reyes,* 504 U.S. 1, 11, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Correll v. Stewart,* 137 F.3d 1404, 1413 (9th Cir. 1998). But here, as was the case in *Correll* and *Siripongs,* Petitioner did not receive an evidentiary hearing in state court, either; indeed, his second state-court petition was denied only five days after it was filed. Thus, he has not received an evidentiary hearing on these claims at any level. In the circumstances, we will not address the merits of Petitioner's claims of incompetence and ineffective assistance of counsel without giving him an opportunity for an evidentiary hearing.

Those claims relate to both the guilt phase and the penalty phase of Petitioner's trial. Accordingly, a ruling in Petitioner's favor on either claim would render the rest of his petition moot. In the interest of judicial economy, we will hold in abeyance the remaining claims as to which we have granted a COA, pending the district court's completion of an evidentiary hearing on Petitioner's claims of incompetence and ineffective assistance of counsel.

The judgment of the district court dismissing the petition for habeas corpus is VACATED and the case is REMANDED for an evidentiary hearing on Petitioner's claims of ineffective assistance of counsel

3. Petitioner does not argue that he is entitled to an evidentiary hearing as to his claim concerning the state's introduction of excluded evidence at trial. We agree that an evidentia-

ry hearing on that claim is unnecessary, because the factual record has been adequately developed.

and incompetence to aid and assist counsel. We DEFER ruling on those claims for which we have granted a COA, pending the outcome of the district court's evidentiary hearing. The rulings of the district court granting summary judgment for the state on Petitioner's remaining claims are AFFIRMED. This panel shall retain control of the further proceedings in this case.