Manuel J. LOPEZ, Petitioner–
Appellant,

v.

R.L. CANDELARIA, Warden,
Respondent–Appellee.

No. 00–55896.

D.C. No. CV–99–00044–RT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Sept. 21, 2001.

Before B. FLETCHER, T.G. NELSON,
and BERZON, Circuit Judges.

## MEMORANDUM *

Manuel Lopez appeals the denial of his motion to vacate his sentence and conviction under 28 U.S.C. § 2254. Lopez contends that his attorney, Ms. Mary Logger, provided ineffective assistance when she (1) informed Lopez that California legislators were considering introducing legislation that could affect his conviction on a third strike; and (2) permitted Lopez to rely on this speculative benefit in making his decision to enter a guilty plea. Because his attorney's representation was "within the range of competence demanded of attorneys in criminal cases,"[1] we affirm.

## ANALYSIS

A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo.[2] However, the findings of fact that undergird that decision are reviewed for clear error.[3]

*Strickland v. Washington's*[4] two-part test "'applies to challenges to guilty

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir. 1986).

2. *United States v. Angelone,* 894 F.2d 1129, 1130 (9th Cir.1990).

3. *Lopez v. Thompson,* 202 F.3d 1110, 1116 (9th Cir.2000), *cert. denied,* 531 U.S. 883, 121 S.Ct. 198, 148 L.Ed.2d 138 (2000).

4. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

pleas based on ineffective assistance of counsel.' "[5] To show such ineffective assistance, the test obliges a convicted defendant to show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[6]

Lopez fails to demonstrate either of these requisites. In *Iaea,* we held that inaccurate sentencing predictions standing alone do not constitute ineffective assistance of counsel.[7] But Logger's speculation about the potential effect of a possible change in California's "three strikes" law cannot even be fairly characterized as an "inaccurate prediction." Logger simply informed Lopez that, according to an article in the *Los Angeles Times,* some California state senators wanted to change the "three strikes" law so that a drug offense could no longer count as a third strike. Logger did not deprive her client of effective assistance by apprising him of news items pertinent to his sentence.

An inaccurate statement about the effect of a change in law that may or may not come to pass does not constitute a "gross mischaracterization of the likely outcome"[8] worthy of habeas corpus relief. As the magistrate judge noted, Logger's statement to Lopez did not involve a false description of California law as it applied to him at the time of his plea; rather, it involved a misinterpretation of the effect of the possible change in the law.

Because Lopez was not misled or misinformed about the length of his sentence or the law that prescribed his sentence, his case is readily distinguishable from *Iaea* and *Chacon v. Wood.*[9] Iaea's counsel misadvised him on several fronts: she told him that if he did not take the plea he would be subject to Hawaii's minimum sentencing law, that there was almost no chance of his receiving an extended or life sentence, and that he had a chance to receive probation if he pled guilty.[10] In fact, Iaea would not have been subject to the minimum sentencing law,[11] the prosecutor assigned to his case had indicated an intent to press for extended sentencing,[12] and the judge sentenced Iaea to more than two life sentences.[13] Similarly, in *Chacon,* the defendant alleged that in order to induce him to plead guilty, the interpreter for his counsel told him that pleading would result in a three-month sentence, when in fact the judge sentenced him to ten years.[14] Because this misstatement presented the possibility of a gross misstatement about the length of sentence he would face, we remanded for an evidentiary hearing.[15]

Even if Logger's misinformation amounted to gross mischaracterization, however, Lopez would still not be entitled to relief because he is unable to show prejudice. To satisfy *Strickland's* prejudice prong, Lopez "must show that there is a reasonable probability that, but for coun-

---

5. *Iaea,* 800 F.2d at 864 (quoting *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

6. *Id.*

7. *Id.* at 865.

8. *Id.*

9. 36 F.3d 1459 (9th Cir.1994) (superseded by statute on other grounds, as noted in *Morris v. Woodford,* 229 F.3d 775, 779 (9th Cir.2000)).

10. *Iaea,* 800 F.2d at 865.

11. *Id.* at 864.

12. *Id.* at 865.

13. *Id.* at 863.

14. *Chacon,* 36 F.3d at 1460–61.

15. *Id.* at 1465.

sel's errors, he would not have pleaded guilty and would have insisted on going to trial." [16]

Both Lopez and Logger have declared in sworn affidavits that Lopez would not have pleaded guilty if he had not been misinformed. As the magistrate judge noted, however, this assertion is not borne out by the record. During the state trial court hearing on his motion to withdraw his plea, Lopez never mentioned that he wished to do so because information upon which he relied proved to be inaccurate. He simply suggested that he wanted to withdraw his plea because he didn't understand then how many prior strikes he had. We also find persuasive the fact that if Lopez had gone to trial on the two felony counts instead of pleading guilty to one, he would have risked a sentence of fifty years to life, rather than the twenty-five years to life that he obtained through the plea.[17] Against this evidence, his bald assertion simply does not measure up.

AFFIRMED.

---

**16.** *Hill,* 474 U.S. at 59, 106 S.Ct. 366.

**17.** We find groundless Lopez's assertion that because all felony methamphetamine charges arose out of one transaction, California Penal Code Section 654 would have limited his potential penal exposure to twenty-five years to life. *See People v. Fuhrman,* 16 Cal.4th 930, 67 Cal.Rptr.2d 1, 941 P.2d 1189, 1193 (Cal.

1997) (rejecting plaintiff's argument that a "prior conviction may be counted as a strike for purposes of sentencing under the Three Strikes law only if the prior conviction was for an offense that was 'brought and tried separately' from another offense that also qualified as a violent or serious felony").