James Lee, aka Li Jin, Defendant–
Appellant.

No. 00–16534, 00–16537.
D.C. No. CR 95–20142 JW
CV–99–21254–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Jan. 8, 2002.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Penny RAY, aka Lei Ping,
Defendant–Appellant

---

Before NOONAN, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM [1]

Penny Ray and James Lee appeal from the district court's denial of their consolidated Rule 33 motion for a new trial based on "newly discovered evidence." They also appeal the court's denial of Ray's 28 U.S.C. § 2255 motion to vacate her conviction and sentence for exporting defense articles to the People's Republic of China without a license in violation of 22 U.S.C. § 2778. Lee contends that he did not join Ray's § 2255 motion, and that accordingly, the denial, as far as it refers to his case, should be vacated. We affirm in part, reverse in part, and decline to grant Ray's request for a Certificate of Appealability ("COA").

To prevail on a Rule 33 motion for a new trial, Ray and Lee must satisfy a five-part test:

(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendants' part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.

*United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991); *see also United States v. Jackson,* 209 F.3d 1103, 1106 (9th Cir. 2000). We review the district court's denial of a motion for a new trial based on "newly discovered evidence" for an abuse of discretion. *United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995).

Here, the appellants' proffer of "new" evidence consists of the testimony of Ray's brother, Fang Yu, which the district court properly characterizes as "impeachment evidence." Appellants contend that his testimony still warrants a new trial because it renders the trial testimony of the prosecution's key witness, Tony Gu, "totally incredible." *See United States v. Davis,* 960 F.2d 820, 825 (9th Cir.1992), *cert. denied,* 506 U.S. 873, 113 S.Ct. 210, 121 L.Ed.2d 150 (1992). We disagree.

Moreover, Appellants fail to show that the admission of Yu's testimony would probably have resulted in an acquittal. Very similar impeachment arguments were already raised by defense counsel at trial. In addition, evidence that reinforced Gu's testimony that Ray and Lee were aware of the military nature of the products they manufactured and shipped to China was presented at trial, and there is some level of uncertainty as to the power and validity of Yu's testimony itself due to the rules of hearsay and other practical limitations.

Because we find that appellants fail to meet the last requirement, we need not address the others. We therefore conclude that the district court properly exercised its discretion when it declined to grant the appellants' Rule 33 motion for a new trial on the basis of "newly discovered evidence."

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

The COA requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to the present appeal because it was filed after April 24, 1996, AEDPA's effective date. *Furman v. Wood,* 190 F.3d 1002, 1004 (9th Cir.1999). Accordingly, Ray must obtain a COA as to each of the specific issues that she wishes to appeal. *See Morris v. Woodford,* 229 F.3d 775, 779 (9th Cir.2000) (citing 28 U.S.C. § 2253(c)).

We affirm the district court's denial of § 2255 relief for those issues that parallel the basis for Ray's Rule 33 motion for a new trial. After the district court denied her application for a COA, Ray renewed her request here for a COA that covered three issues related to her claim of ineffective assistance of counsel. We conclude that Ray has not made the requisite "substantial showing of the denial of a constitutional right" with respect to the district court's (1) denial of an evidentiary hearing on her § 2255 claim of ineffective assistance of counsel; (2) refusal to stay the proceedings; and (3) denial of leave to amend her § 2255 motion. 28 U.S.C. § 2253(c)(2). *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999). We therefore deny Ray's request for a COA and dismiss her § 2255 appeal.

As to Lee's claim, the government has conceded that Lee never joined in Ray's § 2255 motion; therefore, the district court's denial of her motion should not have been applied to his case. Accordingly, we reverse and vacate the district court's decision to deny him § 2255 relief based upon Ray's failed motion.

For the foregoing reasons, the opinion of the district court is AFFIRMED IN PART AND REVERSED IN PART.