Cesar Francesco BARONE,
Petitioner—Appellant,

v.

Joan PALMATEER, Respondent—
Appellee.

No. 02–36030.

D.C. No. CV–00–00074–HU.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2004.*

Decided March 2, 2004.

Christine Stebbins Dahl, FPDOR—Federal Public Defender's Office (Portland), Portland, OR, for Petitioner–Appellant.

Ryan P. Kahn, Office of The Attorney General (Oregon), Salem, OR, for Respondent–Appellee.

Before D.W. NELSON, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Cesar Francesco Barone appeals the district court's dismissal of his petition for habeas corpus relief. The Certificate of Appealability limited review to whether Barone's trial counsel violated his Sixth Amendment right to effective assistance of counsel and whether this claim is procedurally defaulted. We hold that Barone's claim is procedurally defaulted because he raised new factual allegations that were fundamental to his claim in federal court, which he had not presented to the state court. *See Chacon v. Wood,* 36 F.3d 1459, 1468 (9th Cir.1994), *superseded by statute on other grounds as recognized by Morris v. Woodford,* 229 F.3d 775, 779 (9th Cir. 2000).

Clearly, Barone raised the same legal claim—ineffective assistance of counsel based on failure to investigate—in the state court proceeding. However, the changed factual basis of the claim, which now rests on the witness Luan Lanter, who was nowhere mentioned before the state court, is sufficiently fundamental to his claim to require that he must have presented this factual evidence to the state courts first. *Id.* This conclusion is supported by our caselaw on ineffective assis-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tance of counsel claims, which emphasizes the fundamental importance of establishing the specific factual basis for this legal claim. *See, e.g., James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994) ("Conclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief.").

Accordingly, Barone failed to exhaust his claim of ineffective assistance of counsel based on his trial counsel's failure to investigate Lanter's statements. Because Oregon law no longer allows Barone to assert new claims in state court, *see* Or. Rev.Stat. § 138.550(3), his claim is procedurally defaulted. *See Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir.2002). Barone makes no attempt to show "cause and prejudice" for the failure to present his claim in the state court. *See Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Therefore, the district court correctly concluded that we cannot review this claim.

DISMISSED.