**Gregory Cortez ROBINSON, Petitioner—Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent— Appellee.**

No. 03–55342.

D.C. No. CV–02–03443–PA.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2004.*

Decided July 2, 2004.

* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

Kenneth M. Stern, Law Offices Kenneth M. Stern, Woodland Hills, CA, for Petitioner–Appellant.

Gregory Cortez Robinson, Imperial, CA, pro se.

Corey J. Robins, Office of the Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before McKEOWN, BYBEE, Circuit Judges, and BREYER,[**] District Judge.

## MEMORANDUM[***]

Gregory Robinson appeals the denial of his petition for a writ of habeas corpus on five grounds. The Anti–Terrorism and Effective Death Penalty Act (AEDPA) governs Robinson's habeas petition because he filed it after the effective date of AEPDA. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). We conclude that Robinson has not shown that his state court adjudication either involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 70–71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). We therefore affirm.

■ First, Robinson alleges four instances of improper vouching by the government in closing argument. We do not reach the question whether the government's comments were improper, because

Robinson has not shown that the purported vouching so infected the proceedings with unfairness as make the resulting conviction a denial of due process. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (citation and internal quotation omitted). The case against Robinson was, as the district court found, very strong if not overwhelming. Even if the challenged statements improper, any error did not have a substantial and injurious effect on the jury's determination of the verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

■ Second, Robinson argues that trial counsel rendered ineffective assistance by failing to preserve his objection to the prosecutor's alleged vouching. *See Warner Constr. Co. v. City of Los Angeles,* 2 Cal.3d 285, 302–03, 85 Cal.Rptr. 444, 466 P.2d 996 (1970) (stating that in the absence of a timely objection and request that the jury be admonished, the offended party is deemed to have waived the claim of error) (internal quotation and citation omitted). Trial counsel's failure to object to a harmless error was not deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also, the district court correctly concluded that the failure to object was not prejudicial because the result of the proceeding would likely have been the same even if counsel had raised an objection. *See id.* at 694.

■ Third, Robinson claims that the information charging him denied his fundamental right to be clearly informed of the charges against him. *See Sheppard v.*

[**] The Honorable Charles R. Breyer, District Judge, United States District Court for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Rees,* 909 F.2d 1234, 1236 (9th Cir.1989). The information pled Robinson's prior convictions as to only one count, the count of which he was later acquitted, rather than as to both counts. Under California law, an allegation that is pleaded as to one count is not necessarily pleaded as to another count. *See People v. Puckett,* 44 Cal.App.3d 607, 611–12, 118 Cal.Rptr. 884 (1975). However, mere errors in sentencing under state law are not cognizable in federal habeas corpus. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). Only when the sentence is arbitrary and capricious does the misapplication of state law violate due process. *See Richmond v. Lewis,* 506 U.S. 40, 50, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992). Robinson has not argued—and cannot argue—that he could not have been properly sentenced under the Three Strikes Law because his prior convictions clearly support the sentencing enhancement. His sentence was thus not arbitrary and capricious and did not deny him due process. Moreover, the prosecutor's statements during trial and the jury instructions provided constitutionally adequate notice to the defendant of the charges against him. *See Calderon v. Prunty,* 59 F.3d 1005, 1009–10 (9th Cir. 1995) (prosecutor's statement); *Stephens v. Borg,* 59 F.3d 932, 935–36 (9th Cir.1995) (jury instructions). Defense counsel even filed a motion regarding one of the prior convictions. Robinson had constitutionally adequate notice of the charges against him.

█ Fifth, Robinson asserts that his conviction violates his right to equal protection of the laws, but the original certificate of appealability and the subsequent expansion of the certificate did not include an equal protection claim. *See Morris v. Woodford,* 229 F.3d 775, 779 (9th Cir.2000), *cert. denied,* 532 U.S. 1075, 121 S.Ct. 2238, 150 L.Ed.2d 227 (2001) (requiring a certificate of appealability as to each issue a petitioner seeks to appeal). The appeals court may not consider an issue not mentioned in the certificate of appealability. *Id.* We have no authority to hear Robinson's equal protection claim.

**AFFIRMED.**